## Ellis v. Commonwealth.

(Decided November 20, 1925.)

### Appeal from Franklin Circuit Court.

1. Criminal Law—Testimony that Defendant was Informed that Note was Forgery Indicated Guilty Knowledge and Fraudulent Intent in Discounting Another Like Note in Like Manner.—Testimony of defendant that he had been informed that a note discounted by him was a forgery indicated a guilty knowledge on part of defendant in subsequently discounting another note with same signature obtained from same party with whom proceeds were divided.

2. Criminal Law—Evidence of Discounting of Like Forged Note in Like Manner Held Competent to Show Motive and Guilty. Knowledge.—In prosecution for uttering a forged note, evidence that defendant had previously discounted a note with same forged name, obtained from same person with whom defendant divided proceeds, was competent for purpose of showing motive and guilty knowledge, which is an exception to general rule that on question of forgery of a particular instrument proof of other forged papers on other occasions is inadmissible.

W. C. MARSHALL for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Affirming.

This is an appeal from a judgment convicting appellant of uttering a forged note. For reversal it is urged (1) that the verdict is not supported by the evidence because of the absence of any competent proof of guilty knowledge or fraudulent intent upon the part of appellant and, (2) that the court erred in admitting evidence that appellant at a different time and place uttered another forged instrument.

Appellant admits discounting the note in question for $25.00 at the People's State Bank, which was signed by him as principal and upon which the name of W. P. Scott appeared as surety. The fact that Scott had not signed it was thoroughly established, and defendant admitted that he did not know whether Scott signed the note, but insisted that he at the time believed Scott had signed it and acted in good faith in discounting it. He further testified that after he had signed the note he gave it to one Lucy Kaze, who told him that she would

get Mr. Scott to sign it as surety; that she later returned the note to him bearing the name of W. P. Scott as surety; that he then took it to the bank, discounted it and divided the proceeds with her.

After defendant had so testified on his direct examination for the purpose of showing that he acted without guilty knowledge of the forgery or fraudulent intent in discounting the note, the Commonwealth on cross-examination asked him if he had not at about the same time discounted another note executed in the same way and bearing the name of W. P. Scott as surety to the Capital Trust Company and divided the money obtained thereon with Lucy Kaze, and if he had not been informed that that note was a forgery before he discounted this one at the People's State Bank. To this question he answered, "Yes, they said it was a forgery but I don't know."

This is the evidence of which complaint is now made, and since it clearly indicates guilty knowledge and fraudulent intent upon the part of defendant in subsequently discounting another like note and dividing its proceeds with the same party who in each instance was responsible for Scott's name on the note, there is no merit in either of appellant's grounds for reversal if this evidence was competent.

The general rule is that, where the question is whether a certain person forged a particular instrument, proof is inadmissible that on other occasions he forged other papers wholly disconnected with the one in controversy. But if the other forged papers have a connection with the one in controversy, as if all of them were made in pursuance to a scheme and purpose of the forger to secrete, cover up and screen himself from a series of defalcations, and which also furnish a motive to commit the particular forgery, then such other forgeries by him form an exception to the general rule and are admissible. Rakestraw v. Sebree Deposit Bank, 189 Ky. 668, 225 S. W. 506.

This exception to the general rule is thus stated in Roberson on Criminal Law, page 540:

"Where a person is charged with uttering and publishing forged notes or other instruments, evidence of the possession of uttering of other similar forged instruments is admissible to show his guilty knowledge of the character of the instrument set

out in the indictment, and that his purpose in the uttering was to defraud."

The note that appellant had previously discounted at the Capital Trust Company also bore the forged name of W. P. Scott as surety. That note like this one, after having been signed by appellant, was delivered to Lucy Kaze, who procured Scott's name to be signed thereto as surety and, after discounting that note, appellant divided its proceeds with Lucy Kaze just as he did here. The one transaction is an exact counterpart of the other, and we are clearly of the opinion that the trial court did not err in the admission of this evidence for the purpose of showing motive and guilty knowledge, and as the court admonished the jury not to consider it for any other purpose, there was no error in its admission.

Judgment affirmed.